IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr27-MHT |
| | ) | (WO) |
| JOSE CRUZ | ) | |

OPINION AND ORDER

This criminal cause is now before the court on defendant Jose Cruz's unopposed motion for an extension of time to file a notice of appeal. For the reasons that follow, his motion will be granted.

I. BACKGROUND

Cruz was indicted on one count of possession with intent to distribute cocaine and one count of possession with intent to distribute marijuana. He was found guilty by a jury on both counts on June 14, 2017. This court sentenced Cruz to 63 months of imprisonment, entering its written judgment on November 13, 2017. According to Rule 4 of the Federal Rules of Appellate Procedure, he was required to file a notice of appeal

with the district court within 14 days of the entry of the judgment against him. Fed. R. App. P. 4(b)(1)(A)(i). "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6). Therefore, the last day he could have filed a timely notice was on November 27, 2017.

At that time, Cruz's counsel was recovering from a serious automobile accident and could not return to work. Meanwhile, her fellow counsel, with whom she had arranged to file the notice of appeal, was summoned to her mother's home as she neared death, which regretfully occurred on November 28th. Counsel represents that the failure to file the notice of appeal timely was through no fault of Cruz, and counsel promptly submitted the instant motion for leave to file out of time appeal upon returning to work and realizing that no notice of appeal had been filed. The instant motion was filed on December 1, 2017, and government

counsel has orally informed the court that it does not oppose the motion.

## II. DISCUSSION

Should a defendant in a criminal case wish to file an untimely notice of appeal, Rule 4(b)(4) of the Federal Rules of Appellate Procedure provides that a district court may extend the time to file the notice an additional 30 days upon a finding of "excusable neglect" or "good cause."  Fed. R. App. P. 4(b)(4). The 2002 advisory committee's notes explain the distinction between these two standards in the context of Rule 4(a)(5), the civil analogue to Rule 4(b):

> "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.  The good cause standard applies in situations in which there is no fault -- excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."

Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note; see also United States v. Ruiz-Guifarro, 469 F. App'x 805, 806 n.2 (11th Cir. 2012) (applying rule in criminal context).[*]  Here, where Cruz's motion is unopposed, there is arguably no need for the court to determine whether Cruz was at fault.  The court will nevertheless apply the "excusable neglect" standard to find that Cruz's motion is due to be granted.

In determining whether "excusable neglect" occurred, the court considers four factors: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

---

[*]  Additionally, the advisory committee's note mentions that the 2002 amendment brings Rule 4(a)(5)(A)(ii) "into harmony" with Rule 4(b)(4).

*Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999).

Here, these factors weigh heavily in favor of Cruz. The government is not prejudiced by the delay and, indeed, does not even oppose Cruz's motion. Moreover, the delay amounts to only a few days, a meager amount of time in light of the criminal penalty to be imposed on Cruz. Cruz's reason for the delay--his attorneys' illness and loss of a close family member--was outside his reasonable control, and there is no indication of bad faith. Cruz is clearly making the extension request in good faith. The court, therefore, finds that Cruz has demonstrated "excusable neglect" that justifies an additional 30 days to file a notice of appeal.

***

Accordingly, it is ORDERED that defendant Jose Cruz's motion to extend time to file a notice of appeal (doc. no. 105) is granted and that defendant Cruz shall

have until December 27, 2017, to file a notice of appeal.

DONE, this the 5th day of December, 2017.

                                          /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE